# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD STEWARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-00407-CDP |
| ) | |
| IAN WALLACE and CHRIS ) | |
| KOSTER ) | |
| ) | |
| Respondent. ) | |

## RESPONSE TO AMENDED PETITION

### Statement of the Parties and Custody

Donald Steward challenges his Missouri convictions of first-degree murder and first-degree burglary. The Circuit Court of St. Louis City sentenced Steward to two consecutive terms of life without parole for the two first-degree murders committed, and a consecutive term of fifteen-years for the burglary. *See State v. Steward,* 776 S.W.3d 854, 854–55 (Mo. App. E.D. 1989).

Steward serves his sentences in the Southeast Correctional Center where Jason Lewis is the warden. 28 U.S.C. §2254, Rule 2(a). Jason Lewis should be substituted as the proper party respondent. Fed. R. Civ. P. 25(d)(1); *see also Rumsfield v. Padilla,* 542 U.S. 426, 435 (2004). Chris Koster, the

Attorney General of Missouri, is also a proper party respondent because Steward is challenging future consecutive sentences. Rule 2(b).

As a result of Missouri Revised Statute §558.047 (a new statute enacted as part of Senate Bill 590 on July 13, 2016), Steward will now be eligible for parole on his life sentences for murder. Under the current interpretation of Missouri law, Steward must serve 50 years of his aggregate sentence before he is parole eligible. (Doc. 16–8); *See Edger v. Mo. Bd. of Probation and Parole*, 307 S.W.3d 718 (Mo. App. W.D. 2010) (statutory parole ineligibility periods are stacked on consecutive sentences). He has two consecutive 25-year ineligibility periods for the two consecutive first-degree murder sentences. *See Willbanks v. Missouri Dep't of Corrections*, 2015 WL 6468489 (Mo. App. W.D. Oct. 27, 2015) (transfer to the Missouri Supreme Court granted). But the Missouri Supreme Court is now, in *Willbanks* and in a companion case *State v. Ledale Nathan,* Case No. SC95473, considering the issue of whether consecutive parole ineligibility periods for multiple felonies committed before age 18 that exceed an inmate's life expectancy should be treated the same as a life without parole sentence for a single crime.

## Analysis of the Petition

Steward argues that he is entitled to habeas relief because he originally received mandatory life without parole sentences for his first-degree murder convictions under *Miller v. Alabama,* 132 S. Ct. 2455 (2012). Although the

2

Missouri General Assembly granted him relief on his *Miller* claim by making him parole eligible on his life sentences, he argues that the relief granted by Missouri Revised Statute §558.047 and the Missouri Supreme Court's July 19, 2016 Order, denying relief in light of §558.047, is inadequate and unconstitutional. Specifically, he appears to assert the following arguments:

1. Missouri Revised Statute §558.047 violates due process because it fails to provide Steward with a meaningful opportunity to obtain release in that it fails to consider his consecutive sentences and violates equal protection (Doc. 16 at 5, 6, 18, 20);

2. Missouri Revised Statute §558.047 impermissibly altered Steward's life without parole sentences and denied him of his right to resentencing under *Miller* (Doc. 16 at 7–10);

3. Missouri Revised Statute §558.047 is an impermissible ex post facto law and a bill of attainder (Doc. 16 at 8 n.3);

4. The Missouri Supreme Court's July 19, 2016 Order, denying habeas relief in light of Mo. Rev. Stat. §558.047, violates United States Supreme Court Precedent (Doc. 16 at 12–13); and

5. The Missouri Supreme Court's July 19, 2016 Order and Missouri Revised Statute §558.047 denies Steward a right to meaningful sentencing process, jury determination at sentencing and the right to counsel (Doc. 16 at 13–16, 17–18);

This Court should deny the petition.

All of Stewards claims appear to be attacks on Mo. Rev. Stat. §558.047, which became effective July 13, 2016, although he characterizes some of

3

these claims as complaints against the Missouri Supreme Court's July 19, 2016 Order.

None of his claims appear exhausted. In his habeas petition to the Missouri Supreme Court, Steward attacked his *life sentences* under *Miller v. Alabama*. But the *statute* he now complains about did not exist yet. As a practical matter it is premature to analyze these claims when he has not challenged the statute itself in state court or challenged the impact Missouri law has on the aggregate sentence he must serve before he is parole eligible. In any event, Steward still has an opportunity to attack the statute and the impact Missouri statutes have on his consecutive sentences in state court using the arguments he now makes. But that may or may not change after the Missouri Supreme Court's decision in *Willbanks* and *Nathan* discussed above. Thus, his current claims are unexhausted.

## ANALYSIS OF THE PETITION

**I. Steward's claims appear timely and are not procedurally barred.**

Missouri Revised Statute §558.047 became effective on July 13, 2016. Steward's claims in the amended petition really attack that statute under one theory or another. One year has not passed since the statute became effective. Even if this Court determines that the Missouri Supreme Court's ruling on his *Miller* claim is the ruling that Steward must ultimately

4

challenge, one-year has not passed since the Missouri Supreme Court's July 19, 2016 order. Therefore, the claims raised in the amended petition appear timely.

However, Respondent does not waive a statute of limitations defense and would assert such a defense if the calculation is incorrect and the petition is not timely. *See Wood v. Milyard*, 132 S.Ct. 1826 (2012) (distinguishing between deliberate waiver of statute of limitations and mistakenly believing it not to have been violated which permits a federal habeas court to enforce the statute).

Similarly, Steward's claims are not procedurally barred. Steward could now challenge the constitutionality of the statute in the Missouri courts. But he has chosen not to. A procedural bar exists where, through a default on the part of the offender that rises to the level of an independent and adequate reason for a decision, a state forum to raise a claim no longer exists. That is not the case here.

    **II.    Steward's claims fail under 28 U.S.C. §2254(d)(1) insofar as he attacks the Missouri Supreme Court decision because he seeks an expansion of existing United States Supreme Court precedent, and as a matter of law failure to expand United States Supreme Court precedent is not an unreasonable interpretation or application of that precedent.**

Although Steward is really attacking Mo. Rev. Stat. §558.047, insofar as he is attacking the Missouri Supreme Court's July 19, 2016 Order, he has

5

not shown that the state court's denial of his petition was contrary to or an unreasonable application of clearly established United States Supreme Court precedent.

Steward is really seeking an expansion of *Graham, Miller* and *Montgomery* to argue that parole ineligibility for 25 years on a murder sentence for an offender under age 18 is a constitutional violation or that it violates *Miller* because he must serve 50 years on his aggregate sentence before being parole eligible.[1] If this Court views the Missouri Supreme Court's July 19, 2016 decision as a merits decision on the constitutionality of Mo. Rev. Stat. §558.047, Steward's claims would necessarily fail under 28 U.S.C. §2254(d)(1) insofar as they attack that decision.

The United States Supreme Court has explicitly rejected the idea that failure to *extend* United States Supreme Court precedent can be an unreasonable interpretation or application of clearly established law as determined by the Supreme Court of the United States, under 28 U.S.C. §2254(d). *White v. Woodall,* 134 S.C.t 1697, 1706 (2014). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error." *Id.*

---

[1] This assumes that Steward in fact fairly presented his *Miller/Graham* claim in the state court, but he did not.

6

(emphasis in the original). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *Id.* (quotation omitted).

In *Graham v. Florida,* the United States Supreme Court held that the Eighth Amendment prohibits juvenile offenders from being sentenced to life without parole for *non-homicide* crimes. *Graham,* 560 U.S. at 82. (emphasis added). The *Graham* Court found that non-homicide offenders were "categorically less deserving of the most serious forms of punishment than are murderers." *Id.* at 69.

Two years after *Graham,* in *Miller v. Alabama,* the United States Supreme Court held that for murder convictions, "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller,* 132 S.Ct. at 2460. *Miller* however did not prohibit a sentencer's ability to impose a life without parole sentence in a homicide. Instead, a sentencer must follow a certain process before imposing a life without parole sentence.

There was considerable confusion about whether *Miller*'s rule must be applied retroactively. The Supreme Court granted certiorari in *Montgomery v. Louisiana,* to resolve the confusion. In *Montgomery,* the Supreme Court ultimately concluded that the new rule announced in *Miller* was substantive

7

and therefore retroactive. *Montgomery,* 136 S.Ct. at 734. However, the Court explicitly held that *Montgomery* did not "require States to relitigate sentences, let alone convictions." *Id.* at 736. Instead, the Court found that "a State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than resentencing." *Id*. The Supreme Court specifically held that state courts are not required to overturn the convictions and sentences of offenders like Steward. The Court also explicitly endorsed a Wyoming statute that allowed juvenile homicide offenders to be considered for parole after 25 years. *Id.*

Unlike the offender in *Graham,* Steward was convicted of two homicide offenses which he committed during a burglary. *State v. Steward,* 776 S.W.at 855–57. Although Steward originally recieved a mandatory life without sentence for first-degree murder any violation under *Miller* was remedied by the enactment of §558.047, which now grants Steward the possibility of parole on his murder sentence once he completes 25 years on each life sentence for murder. Thus, he cannot show that the Missouri Supreme Court's July 19, 2016 Order was inconsistent with or an unreasonable application of *Graham, Miller* and *Montgomery.*

Steward argues that Missouri should not have followed the Supreme Court's guidance in *Montgomery* because the Supreme Court's holding that states may remedy *Miller* issues by allowing juvenile murderers to be eligible

8

for parole was dicta. (Doc. 16 at 11–12). This argument is unpersuasive. First, the Supreme Court made that holding specifically to announce the remedy for a violation of *Miller* for offenders whose sentences are final—answering a central question presented in *Montgomery*. Courts cannot separate the Supreme Court's holding that *Miller* applies retroactively from the mechanism of its retroactive effect. Second, even if the Supreme Court's statement that states can remedy *Miller* through established parole processes was dicta, Steward cannot receive relief based on his argument that the Missouri Supreme Court and Missouri General Assembly should not have specifically followed the black letter statement of the Supreme Court.

In short, nothing in *Graham, Miller,* or *Montgomery* prohibits state courts from granting parole eligibility to offenders when it previously did not exist. Moreover, nothing in *Graham, Miller,* or *Montgomery* prohibits state courts from imposing consecutive sentences on juvenile murderers. In order to apply *Graham/Miller/Montgomery* to Steward's claims this precedent would have to be expanded. As a result, Steward cannot show that he is entitled to federal habeas relief from the Missouri Supreme Court's July 19, 2016 Order under §2254(d). Nor can this Court grant relief to Steward by extending Supreme Court's precedent to Steward's claims because even if a new rule announced by this Court is of constitutional significance, its

9

application in this case is barred by the nonretroactivity in *Teague v. Lane*, 489 U.S. 288 (1989).

In short, the Missouri Supreme Court's July 19, 2016 Order, which is consistent with *Graham* and *Miller*, and denied the petition based on relief the Missouri General Assembly granted Steward with the enactment of §558.047, a remedy approved in *Montgomery,* must be left undisturbed under 28 U.S.C. §2254(d).

### III. Insofar as Steward's claims are really an unexhausted attack on Mo. Rev. Stat. §558.047, which he could challenge in the Missouri courts, but has not, these claims have no merit.

The amended petition contains allegations that Mo. Rev. Stat. §558.047 is unconstitutional. But Steward has not presented those claims attacking the statute, or the statute's impact on his consecutive sentences, to the Missouri courts. Thus, his claims are unexhausted. This Court is barred from granting relief on exhausted claims under 28 U.S.C. §2254(b)(1).[2] However, because Steward's unexhausted claims are without legal merit, this Court may deny relief on the merits under 28 U.S.C. §2254(b)(2).

---

[2] Habeas relief on Steward's unexhausted claims is also barred by *Teague v. Lane*, 489 U.S. 288 (1989), because Steward's arguments are not dictated by *Graham, Miller, Montgomery*, or any other United States Supreme Court precedent, and therefore are not proper subjects for habeas relief.

> **A.   The Missouri General Assembly has authority to retroactively create parole eligibility to remedy his *Miller* claim and such action does not impermissibly alter Steward's sentence.**

The Missouri General Assembly granted Steward relief for his *Miller* claim by making him parole eligible on his murder sentence once he completes twenty-five years of that sentence. Mo. Rev. Stat. §558.047.1.

Under Missouri law, the General Assembly has the power to retroactively create parole eligibility where none existed before. *See State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. 2004) (upholding statute allowing nonviolent C and D felons with no prior prison commitments to petition after 120 days incarceration to serve the remainder of their sentences on probation or parole). In upholding that law, the Missouri Supreme Court held that parole does not change an offender's sentence but rather the location and conditions of its service. *Id.* at 870–71.  The same principle applies here.

As in *Russell*, the General Assembly acted within its power and did not change Steward's sentence, life, by making it possible for him to be paroled from that sentence. A federal court may not disagree with the Missouri Supreme Court's interpretation and application of Missouri law, that the General Assembly has the power to create parole eligibility. *See Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1995) (federal court may not disagree with a Missouri court on the interpretation or application of Missouri law).

11

> **B.   Missouri Revised Statute §558.047, which makes Steward parole eligible after serving 25 years on each murder sentence, does not violate due process or equal protection.**

Steward argues that he is denied due process of law and equal protection because the Missouri statute making him parole eligible, unsurprisingly, leaves the decision whether to release him on parole, to the parole board. He argues the parole board has too much discretion, he dislikes parole procedures used in Missouri, and the parole board cannot resentence him to a lesser term of years. But Missouri's statute provides a remedy approved by the United States Supreme Court in *Montgomery*. Nothing in *Miller* or *Montgomery* dictates that offenders like Steward should receive different parole consideration procedures than other inmates, or that an offender like Steward has a right to resentencing in hopes of receiving a lesser sentence, as opposed to earlier parole eligibility because he was sentenced before *Miller*.

> **C.   Missouri Revised Statute §558.047, which makes Steward parole eligible on each murder sentence after serving 25 years on each sentence, is not an ex post facto law and is not a bill of attainder.**

Steward appears to argue that Mo. Rev. Stat. §558.047 increases his punishment retrospectively and is therefore an ex post facto law. But that is not so. Steward does not dispute that at the time of his offense, and at the time he was sentenced, life without parole was an authorized and

12

constitutional punishment for first-degree murder committed by an offender under age 18, and that he received that punishment. The new law simply makes him parole eligible on each murder sentence once he serves 25 years on that sentence, as opposed to never. That is not an increase in punishment.

Steward's argument is really that if he were given a remedy of resentencing as opposed to earlier parole eligibility, he might receive a lesser sentence. But an ex post facto violation is an increase in punishment above the punishment authorized at the time of the offense. It is not receiving a different remedy than a person who challenged his sentence in another form of action.

Similarly, Steward also asserts that the statute making him parole eligible is a legislative punishment and therefore a bill of attainder. But the legislature is not punishing Steward by making him eligible for parole after he serves 25 years on his murder sentences as opposed to being ineligible for parole ever. The legislature provided a remedy that makes Steward eligible for parole sooner. It is not a punishment just because Steward wants more.

> **D.  Missouri Revised Statute §558.047, which makes Steward parole eligible after serving 25 years on each murder conviction, does not deny him the Sixth Amendment right to counsel and he is not entitled to resentencing.**

Steward alleges the legislature denied his Sixth Amendment right to counsel by making him parole eligible, rather than having him resentenced,

13

because he would have right to counsel at resentencing. Steward has no right under *Miller* or *Montgomery* to be resentenced. This is evident based on the plain language of the Court in *Montgomery*:

> Giving *Miller* retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, *e.g.,* Wyo. Stat. Ann. § 6–10–301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
>
> Extending parole eligibility to juvenile offenders does not impose an onerous burden on the States, nor does it disturb the finality of state convictions. Those prisoners who have shown an inability to reform will continue to serve life sentences. The opportunity for release will be afforded to those who demonstrate the truth of *Miller*'s central intuition—that children who commit even heinous crimes are capable of change.

136 S. Ct. at 736. The Missouri General Assembly, following the Supreme Court's guidance in *Montgomery,* created parole eligibility where none previously existed.

Although the *Montgomery* Court specifically held that state courts are not required to overturn the convictions and sentences of offenders like Steward, yet he still argues that the Missouri Supreme Court and the Missouri General Assembly was required to do so in his case. The legislature

14

denied nothing to which Steward is entitled by making Steward parole eligible, a remedy approved in *Montgomery*.

### E.    That Missouri law requires Steward to serve 50 years on his aggregate sentence before he is parole eligible does not violate *Miller*.

Under the current interpretation of Missouri law, Steward will be parole eligible in November 2034, once he completes 25 years for each sentence of first-degree murder. Because Steward was sentenced to life for a homicide offense *Graham* has not been violated. Similarly, because Steward's aggregate sentences still allow him to be considered for parole, *Miller* has not been violated. Neither *Miller* nor *Montgomery* requires a guarantee of release. In *Montgomery,* the Supreme Court wrote that the Eighth Amendment only required that the offender have a "hope for some years of life outside prison walls." *Montgomery,* 136 S.Ct. at 737. Steward will be approximately 67 years old when he reaches his parole eligibility date in 2034. Thus, he has that hope or opportunity.

## CONCLUSION

The Court should deny the amended petition.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Caroline M. Coulter*
CAROLINE M. COULTER

15

Assistant Attorney General
Missouri Bar No. 60044
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-1508
Facsimile: (573) 751-3825
Caroline.Coulter@ago.mo.gov

Attorneys for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system this 22nd day of November, 2016. I further certify that Counsel for Petitioner is also an electronic filer and will be served a copy of the foregoing document via the CM/ECF system.

*/s/ Caroline M. Coulter*
CAROLINE M. COULTER
Assistant Attorney General

16