UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD STEWARD, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 407 CDP |
| | ) |
| JASON LEWIS, et al.,[1] | ) |
| | ) |
|     Respondents. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Donald Steward's petition for writ of habeas corpus under 28 U.S.C. § 2254. Because all of the claims raised by Steward are unexhausted, I will dismiss the petition.

## **Procedural History**

In May 1988, Steward was sentenced in the Circuit Court of St. Louis City, Missouri, to two consecutive terms of life imprisonment without eligibility for parole on two counts of murder first degree, and to a consecutive term of fifteen years' imprisonment on one count of burglary first degree. Steward was a juvenile at the time he committed the offenses. His conviction and sentence were affirmed on direct appeal, *State v. Steward*, 776 S.W.2d 854 (Mo. Ct. App. 1989); and he

---

[1] Petitioner is incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri. Because Jason Lewis is warden at SECC and is petitioner's custodian, he is substituted for Ian Wallace as proper party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. In addition, Missouri Attorney General Eric Schmitt is automatically substituted for former Attorney General Josh Hawley. *See* Fed. R. Civ. P. 25(d).

was unsuccessful in his bid for post-conviction relief under Missouri Supreme Court Rule 29.15. *Steward v. State*, 784 S.W.2d 853 (Mo. Ct. App. 1990).

On June 25, 2012, the United States Supreme Court issued its opinion in *Miller v. Alabama*, 567 U.S. 460 (2012), in which it held that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. The Court reasoned that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features – among them, immaturity, impetuosity, and failure to appreciate risks and consequences," the "family and home environment that surrounds him – and from which he cannot usually extricate himself – no matter how brutal or dysfunctional," the "circumstances of the homicide offense," and "the possibility of rehabilitation[.]" *Id.* at 477-78. Based on *Miller*, Steward filed a petition for writ of habeas corpus in the Missouri Supreme Court in June 2013, arguing that he was entitled to be resentenced given the unconstitutionality of his original sentence.

On January 27, 2016, while Steward's petition was still pending, the United States Supreme Court decided *Montgomery v. Louisiana*, which held that *Miller* announced a new substantive constitutional rule that applied retroactively to cases on collateral review. 136 S. Ct. 718, 736 (2016). The Court clarified, however, that this retroactive application "does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a *Miller* violation by permitting juvenile

homicide offenders to be considered for parole, rather than by resentencing them." *Id*. Regarding this remedy, the Court cited a Wyoming statute that allows a juvenile convicted of homicide to be eligible for parole after 25 years of incarceration. *Id.* (citing Wyo. Stat. Ann. § 6-10-301(c) (2013)). The Court specifically held that "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." *Id.*

On March 15, 2016, the Missouri Supreme Court issued an order in Steward's habeas case and in all other similarly situated cases, stating that the Missouri General Assembly had yet to enact a constitutionally valid sentencing provision in accordance with *Miller* and *Montgomery*. Therefore, the Missouri Supreme Court granted Steward's petition in part and ordered that he (and those similarly situated) would be eligible to apply for parole after 25 years' imprisonment on their sentences of life without parole unless their sentences were otherwise brought into conformity with *Miller* and *Montgomery* by the action of the governor or enactment of necessary legislation.

Steward filed this federal habeas petition in this Court on March 24, 2016, arguing that the Missouri Supreme Court's March 15 order violated his constitutional rights because it: 1) illegally altered his sentence and upheld his conviction for first degree murder; and 2) denied him the right to a reasonable

opportunity for release. Steward also raised a speculative claim that if he was required to serve his consecutive sentences before being considered for parole, such requirement would violate his Eighth Amendment right to be free from cruel and unusual punishment. (ECF #1.) Steward amended his petition on March 30, 2016, to raise additional claims, and specifically, that the Missouri Supreme Court: 1) lacked authority to rewrite sentencing provisions that had been promulgated by the legislature; 2) failed to meaningfully effectuate *Miller*'s sentencing mandates; and 3) violated his rights to equal protection and to counsel, and committed other sentencing law violations. (ECF #4.)[2]

On July 13, 2016, the governor signed into law Missouri Senate Bill No. 590 (SB 590), 98th General Assembly, which states, in relevant part:

> 1. Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration.
>
> . . . .
>
> 4. The parole board shall hold a hearing and determine if the defendant shall be granted parole.

*Codified at* Mo. Rev. Stat. § 558.047. In light of SB 590, the Missouri Supreme Court issued an order on July 19, 2016, vacating its March 15 order, overruling as

---

[2] Also on March 30, Steward filed a motion for rehearing in the Missouri Supreme Court or for more definite order permitting prompt release.

moot the motions for rehearing or resentencing filed by Steward and others, and denying Steward's and others' state-court petitions for habeas corpus.

Given this development, Steward filed a second amended petition for writ of habeas corpus in this Court (ECF #16), raising the following grounds for relief:

(1) That he was denied due process of law when the Missouri Supreme Court denied his request for habeas corpus relief because SB 590 does not give him a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation";

(2) That SB 590 violates the Eighth Amendment as well as due process, equal protection, and separation of powers principles;

(3) That the Missouri Supreme Court's deference to SB 590 in its July 19 order thwarted his constitutional right to a meaningful opportunity for release;

(4) That by relying on SB 590 as the basis for its decision in its July 19 order, the Missouri Supreme Court denied him a meaningful sentencing process, jury determination at sentencing, equal protection of the law, and his right to counsel; and

(5) That the Missouri legislature's passage of SB 590, at the invitation of the Missouri Supreme Court's March 15 order, violates his constitutional right against cruel and arbitrary punishment and his rights to due process and equal protection, a sentencing hearing, sentencing by a jury, and representation by counsel at sentencing; and violates ex post facto principles and the prohibition against bills of attainder.

On November 22, 2016, respondents filed their response to this second amended petition, asserting, *inter alia*, that none of Steward's grounds for relief appear to be exhausted. (ECF #21 at p. 4.) Although given the opportunity, Steward did not reply to the respondents' response.

**Discussion**

A state prisoner must exhaust available state remedies before obtaining federal habeas relief. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). This requires that the prisoner "give state courts a fair opportunity to act on their claims." *O'Sullivan,* 526 U.S. at 844; *accord Dansby v. Norris,* 682 F.3d 711, 722 (8th Cir. 2012). A petitioner satisfies the exhaustion requirement by showing either that he "made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." *Gentry v. Lansdown,* 175 F.3d 1082, 1083 (8th Cir. 1999); *accord Meador v. Branson,* 688 F.3d 433, 435 (8th Cir. 2012). For the following reasons, Steward has made neither showing here.

Missouri's post-conviction motion practice is designed to provide a single, unitary remedy to provide post-conviction relief to criminal defendants and is "to be used in place of other remedies, including the writ of habeas corpus." *State ex rel. Zinna v. Steele,* 301 S.W.3d 510, 516 (Mo. banc 2010) (internal quotation marks and citations omitted). Failure to properly seek post-conviction relief through this motion practice does not bar state habeas relief under Missouri law, however, if the petitioner can demonstrate:

> (1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural defect was caused by something external to the defense—that is, a cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage.

*Id.* at 516-17 (citation omitted). A petitioner can also seek state habeas relief in other rare and exceptional circumstances, such as when the basis of a claim was not available when he filed his motion for post-conviction relief. *See State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 215 (Mo. banc 2001) (citing *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993)). *Cf. Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010) (acknowledging the "extremely rare circumstances" identified in *Jaynes*).

Here, Steward challenges the constitutionality of SB 590 (Mo. Rev. Stat. § 558.047) and the constitutionality of the Missouri Supreme Court's July 2016 order applying SB 590 to his circumstances. Because the basis of Steward's claims was not available until SB 590 became law in July 2016 – well after Steward's Rule 29.15 post-conviction motion was filed and determined – extremely rare circumstances permit Steward to pursue habeas relief on these claims in state court.[3] The record before me does not show, however, that Steward pursued such relief on his claims.

Habeas corpus proceedings in Missouri state court are governed by Missouri Supreme Court Rule 91. A Rule 91 habeas petition must first be filed in the circuit or associate circuit court of the county where the petitioner is in custody. Mo. S.

---

[3] To the extent Steward challenges the Missouri Board of Probation and Parole's practice and its interpretation of SB 590 as applied to him (*see* ECF #16 at pp. 6, 13), there are several ways by which Steward can present these challenges to the state court in order to exhaust such claims, including a state habeas petition. *See Wayne v. Missouri Bd. of Prob. & Parole*, 83 F.3d 994 (8th Cir. 1996).

Ct. R. 91.01(a). *See Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); *see also Brown v. Missouri Bd. of Prob. & Parole*, 727 F. Supp. 524, 531 (W.D. Mo. 1989). Thereafter, to be considered exhausted for purposes of federal habeas review, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *Romano*, 681 F.2d at 556-57. There is no time limit to file a state habeas petition under Rule 91. *Davis v. Purkett*, 296 F. Supp. 2d 1027, 1030 (E.D. Mo. 2003).

In light of the above and in the circumstances of this case, there appears to be a remedy now available to Steward by which he may pursue his claims in state court, namely, a Rule 91 state habeas petition. The claims raised in this federal habeas petition are therefore unexhausted and should be dismissed without prejudice. *Romano*, 681 F.2d at 557. Although I have discretion to address the merits of unexhausted claims, 28 U.S.C. § 2254(b)(2), I cannot *grant* habeas relief on an unexhausted claim. *Id.* Therefore, because the petition here contains only unexhausted claims, I am precluded from awarding habeas relief on any claim in this petition.

Accordingly,

**IT IS HEREBY ORDERED** that Jason Lewis is substituted for Ian Wallace as proper party respondent.

**IT IS FURTHER ORDERED** that Missouri Attorney General Eric Schmitt is substituted for former Missouri Attorney General Josh Hawley as proper party

respondent.

**IT IS FURTHER ORDERED** that petitioner Donald Steward's second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [16] is dismissed in its entirety without prejudice for failure to exhaust available state law remedies.

**IT IS FURTHER ORDERED** that petitioner's original petition for writ of habeas corpus under 28 U.S.C. § 2254 [1] and amended petition [4] are denied as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this action because petitioner has failed to make a substantial showing that he has been denied a constitutional right.

A separate Order of Dismissal is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2019.