UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD STEWARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 407 CDP |
| | ) |
| JASON LEWIS, et al., | ) |
| | ) |
| Respondents. | ) |

# **MEMORANDUM AND ORDER**

On February 13, 2019, I dismissed petitioner Donald Steward's petition for writ of habeas corpus brought under 28 U.S.C. § 2254, because all of the claims raised in the petition were unexhausted. Steward now asks that I reconsider my decision to dismiss his petition and requests that I instead stay the petition because he is currently pursuing his state law remedies. I will deny his request.

A district court has the discretion to stay a habeas corpus proceeding only "in limited circumstances." *Rhines v. Weber,* 544 U.S. 268, 277 (2005). Such a "stay and abeyance" procedure may be employed when the petitioner has filed a "mixed petition," *i.e.*, a petition raising both exhausted and unexhausted claims. *Id.* In this case, however, Steward cannot invoke the stay-and-abeyance procedure, because he did not file a "mixed" petition. As he readily admits, all of his claims are unexhausted. Because this habeas petition is not "mixed," stay and abeyance is inappropriate. *See Meeks v. Cassady*, No. 4:15-CV-16-AGF, 2015 WL 1202530,

at *1 (E.D. Mo. Mar. 16, 2015) (denying petitioner's request for stay and abeyance and dismissing petition without prejudice, because petition contained only unexhausted claims); *Spires v. Norman,* No. 4:12CV00773 MLM, 2012 WL 1605263, at *2 (E.D. Mo. 2012) (stay and abeyance only available in very limited circumstances where mixed petitions are at issue). *See also Wright v. Oubre*, 768 F. Supp. 2d 1277, 1282 (N.D. Ga. 2011).

Even if the stay-and-abeyance procedure was available for this fully unexhausted petition, Steward must nevertheless show good cause for me to invoke it, *see Rhines*, 544 U.S. at 278, and he has failed to do so. In November 2016, the State argued in response to Steward's second amended petition that all of the claims were unexhausted because there were available state remedies by which Steward could seek relief on his claims. (ECF 21.) Despite this notice of failure to exhaust, however, Steward waited eight months, that is, until July 18, 2017, to seek any state court relief. And he waited another nineteen months – and only after I dismissed his unexhausted petition – to inform me that he had pursued (and is continuing to pursue) available state-court remedies. It is unclear how long Steward expected me to delay ruling on his petition or how long he was going to wait to tell me that he was pursuing relief in state court. No good cause is shown by waiting well over two years to request a stay after being put on formal notice that his petition contains only unexhausted claims and, further, by waiting until after the petition is dismissed to request such a stay. *Rhines*, 544 U.S. at 278

("good cause" to stay and hold mixed petition in abeyance includes "no indication that the petitioner engaged in intentionally dilatory tactics"). *Cf. Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) ("petitioner's lack of diligence precludes equity's operation").

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Donald Steward's Motion for Reconsideration [24] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2019.